**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN RE SUBPOENA DUCES TECUM TO VERIZON WIRELESS | Case No.: _____ |

**MOTION TO QUASH SUBPOENA, *OR IN THE ALTERNATIVE*,**
**MOTION FOR PROTECTIVE ORDER FOR PHONE AND TEXT RECORDS**

Melvin Powell ("Petitioner" or "Powell"), by his undersigned counsel, moves pursuant to Fed.

R. Civ. P. 45(d)(3) for an order quashing a subpoena dated May 13, 2019 seeking phone records and

text messages (the "Subpoena"), or, alternatively, pursuant to Fed. R. Civ. P. 26(c) for a protective

order protecting those records and text messages.[1]  In support thereof, he states as follows:

**Background**

1.      Verizon Wireless ("Verizon") was served with the Subpoena in connection with a civil

action currently pending in the United States District Court for the District of Maryland, captioned:

*Hispanic National Law Enforcement Association NCR, et al., v. Prince George's County Maryland, et*

*al.*, (Civil Action No. 18-cv-03821 TDC) (the "Underlying Action").  Plaintiffs in the Underlying Action

(fifteen current and former Prince George's County police officers and two organizations purporting

to represent Prince George's County police officers) served the Subpoena.  Defendants in the

Underlying Action are Prince George's County (the "County") and several individual officers.

---

[1]      A copy of the Subpoena is attached as **Exhibit 1** hereto and redacted for privacy
concerns.  Other challenges to the Subpoena have been made by other individuals including
William Alexander (D. D.C. Case No. 1:19-mc-00098, Judge Jackson) and Mistinette Mints (D.
D.C. Case No. 1:19-mc-00099, Judge Jackson).

2.      The Underlying Action is an employment discrimination matter in which the Plaintiffs ("Respondents" in this proceeding) have asserted claims for racial discrimination and retaliation under the First and Fourteenth Amendments to the U.S. Constitution and Title VII of the Civil Rights Act of 1964.[2]

3.      Powell is *not* a party to the Underlying Action. He was formerly a sworn police officer holding the rank of Deputy Chief in the Prince George's County Police Department, who retired from the Department on May 28, 2019. Verizon is also *not* a party to the Underlying Action.

4.      The Subpoena served on Verizon seeks the phone and text records associated with eleven (11) telephone numbers, one of which belongs to Powell.  Specifically, the Subpoena seeks all "records relating to the phone numbers," including the "*time, date, duration, and destination/origin phone number for all incoming/outgoing calls*, and the time, date, destination/origin phone number, and *content for all text messages*," from January 1, 2016 to the present.  (**Ex. 1**; emphasis added.)

5.      The (XXX) XXX-4484 number listed on Exhibit 1 of the Subpoena was formerly associated with the Prince George's County Police Department ("PGPD"), and was originally issued to Powell while he was employed with PGPD for when he was conducting official police business.[3] When Powell retired in May 2019 he was allowed to port (i.e. transfer) his PGPD telephone number

_____

[2]      Certain individual Plaintiffs have also alleged disability discrimination in violation of the Rehabilitation Act, 29 U.S.C. § 701 et seq and the Americans With Disabilities Act, 42 U.S.C § 12111 (the "ADA").

[3]      Because the telephone number in question is associated with a PGPD-issued phone, Powell did not receive personal notification of the Subpoena.  Instead, based on information and belief, Verizon sent a letter to the PGPD.  Furthermore, upon his retirement from the Police Department on May 28, 2019, Powell, like others, was permitted by the County to retain the phone number and transfer service to his own provider on his own account.  The phone and related equipment issued by the County was returned to the County.

1

that was associated with the PGPD-issued phone over to a personal device. The PGPD-issued phone was then returned to the Department.

6.      Pursuant to Prince George's County Administrative Procedure 119, also known as the Electronic Information Policy, all "[e]lectronic information created, sent, forwarded, received, or saved on Prince George's County Government electronic information systems is the property of Prince George's County Government and is not considered the private communications of any user. All users are advised that there is no expectation of privacy regarding any information created, sent, received, or stored through or by Prince George's County Government electronic information systems."[4]

7.      However, this policy also permits various types of personal use.  In fact the policy specifically states: "Incidental personal use is permissible with the approval of the Appointing Authority as long as the incidental personal use does not interfere with employee productivity; does not preempt any business activity; does not hamper or conflict with the transaction of the Prince George's County Government business; and does not consume more than a trivial amount of system resources.  Examples of such use are scheduling medical appointments, communicating with schools, or contacting childcare workers.  Such permitted uses are intended to support a family friendly environment, while mitigating the need for the employee's absence from the workplace to conduct such tasks.  In all cases, the direct supervisor, and, ultimately, the Appointing Authority are responsible for the enforcement of proper use."

8.      As is the custom and practice within the PGPD, Powell used his PGPD-issued phone for personal purposes, such as to make doctors appointments as well as call and text family and

---

[4] A copy of the Electronic Information Policy is attached to this Motion as **Exhibit 2**.

2

friends daily. Moreover, he did not have an additional phone number associated with a personally owned device for conducting personal business while employed with the Department.[5]

9.      Powell is mentioned in the 80-page Amended Complaint in connection with two Respondents, Thomas Boone and Richard Torres. See Amended Complaint, ECF 54 in the Underlying Action in the District Court for the District of Maryland, at ¶¶ 124-26, 164-69.

10.     Respondent Boone alleges that Powell has information regarding why he was transferred to the Burea of Patrol, District II instead of the Property Division in October 2018. Id. at ¶ 124, 126. However, Respondent Boone's allegations do not actually allege any wrongdoing by Powell.  Rather, Boone alleges it was Chief of Police Stawinski who orchestrated his transfer to the Bureau of Patrol and Powell merely informed him of that transfer.  Id. When informing Boone of the transfer, Powell allegedly indicated to Boone that if Boone did not file a complaint about the transfer, he could have a "soft landing."  Id. at ¶ 124.   There are no allegations that Boone communicated with Powell via his cell phone or that there is any reason to believe that relevant information regarding that transfer would be contained on Powell's cell phone records.

11.     Respondent Torres alleges that he received a text message from his superior officer in May 2016 containing what he believes was intended to be a racial slur, and that he informed Powell of the message by "*showing* it to him."  Id. at ¶ 166 (emphasis added).  However, there are no allegations that Respondent Torres communicated about this incident with Powell via his cell phone, or that the message in question was forwarded to Powell's cell phone. Respondent Torres then alleges that, in December 2016, Powell was present at a meeting regarding that same superior

---

[5] An Affidavit signed by Powell confirming such is attached to this Motion as **Exhibit 3**.

officer's behavior and he at some point directed a comment to Respondent Torres that he was "slacking." Id. at ¶ 164-169.

12.     As addressed below, the Subpoena's request for *all* of the phone and text records from the phone issued to Powell since 2016 should be quashed, or in the alternative, a Protective Order issued. The Subpoena seeks information over a substantial period of time without subject matter limitation and is not proportional to the needs of the case. Even if relevant, there is no reason to believe that this phone number would have any relevant information beyond the dates of May 2016 – December 2016. The Subpoena is also overbroad as it will improperly capture irrelevant personal information and personal communications that have nothing to do with the Underlying Action. Moreover, as the phone number in question was transferred to Powell in a personal capacity as of his retirement date on May 28, 2019, any information thereafter is purely personal and private.

13.     Additionally, and despite Respondents' request, Verizon Wireless is unable to disclose electronic communications associated with the PGPD phone issued to Powell as it would be a violation of the Stored Communications Act ("SCA"), located at 18 U.S.C. § 2701 *et seq*.

### Applicable Law[6]

14.     Fed. R. Civ. Pro. 45(c)(3)(A) requires a court to quash or modify a subpoena that "requires disclosure of privileged or other protected matter," or "subjects a person to undue burden."   Further, because the scope of discovery under a subpoena is the same as the scope of discovery under Fed. R. Civ. Pro. 26, a subpoena may also be quashed for failing to comply with Rule 26.   See Coleman v. District of Columbia, 275 F.R.D. 33, 36–37 (D.D.C. 2011) ("[I]t is settled that a subpoena is limited in scope by Rule 26(b)(1) of the Federal Rules of Civil Procedure."); Cook v.

---

[6]     Unless stated otherwise, internal citations and quotations are omitted.

<u>Howard</u>, No. 11–1601, 2012 WL 3634451, at *6 (4th Cir. Aug. 24, 2012) (per curiam) ("Although Rule 45(c) sets forth additional grounds on which a subpoena against a third party may be quashed[,] ... those factors are co-extensive with the general rules governing all discovery that are set forth in Rule 26.").

15.     In addition to moving to quash, a party may move for a protective order under Fed. R. Civ. Pro. 26(c), and "under Rule 26(c), a court may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense upon a showing of good cause." <u>W. Bay One, Inc. v. Does 1-1,653</u>, 270 F.R.D. 13, 14 (D.D.C. 2010). Whether a discovery request is oppressive or imposes an undue burden is determined by balancing the party's need for the discovery against the potential hardship to the subject of the subpoena. <u>Id.</u> In determining whether there is an "undue burden," a court examines "relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." <u>Id.</u>

16.     Furthermore, with regard to electronic communications (i.e. text messages and not phone logs), the SCA explicitly prohibits disclosure of stored electronic communications by telecommunications carriers such as Verizon unless certain exceptions apply. <u>See Keithly v. Intelius Inc.</u>, 764 F.Supp.2d 1257 (W.D. Wash. 2011) (The SCA applies to internet service providers, telecommunications companies, public carriers, and when the provider extends wire or electronic communication services to its customers.). Specifically, § 2702(a)(1) states that "a person or entity providing an electronic communication service to the public shall not knowingly divulge to any person or entity the contents of a communication while in electronic storage by that service." Further, § 2702(a)(2)(A) and (B) state that "a person or entity providing remote computing service to

5

the public shall not knowingly divulge to any person or entity the contents of any communication which is carried or maintained on that service on behalf of, and received by means of electronic transmission from…a subscriber or customer of such service," or when the sole purpose of the remote computing service is to provide "storage or computer processing services to such subscriber or customer, if the provider is not authorized to access the contents of any such communications for purposes of providing any services other than storage or computer processing."

**Argument**

I.    **The Subpoena is Overbroad and Seeks Irrelevant Information.**

17.    The Subpoena should be quashed because it is overbroad and not reasonably calculated or limited to obtain potentially relevant information.  The Subpoena lacks subject matter limitations for the text messages, temporal limitations related to events in the Complaint, and connections to specific cell phones.  As a result, the Subpoena will unnecessarily capture large swaths of irrelevant personal information contained on Powell's phone in clear violation of the SCA.

18.    "A court must quash or modify a subpoena that subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A)(iv). "A subpoena imposes an undue burden on a party when a subpoena is overbroad." In re Subpoena Duces Tecum to AOL, LLC, 550 F.Supp.2d 606, 612 (E.D. Va. 2008).  A subpoena is overbroad if it is not reasonably limited or tailored to the pleaded claims or defenses. Sirpal v. Fengrong Wang, No. CIV. WDQ-12-0365, 2012 WL 2880565, at *5 (D. Md. July 12, 2012).  For example, a request for 'all copies of e-mails sent or received by anyone'…with no limitation as to time or scope" is usually overbroad." AOL, 550 F.Supp.2d at 612.

19.    Here, the request for the records of *all* incoming and outgoing telephone calls to *all* people, and the contents of *all* text messages sent and received from *all* people, for a period covering

6

more than three years (since January 1, 2016), is grossly overbroad, because among other things, "it does not limit the [requested phone or text records] to those containing subject matter relevant to the underlying action." Id. (quashing subpoena for emails as subpoena requested all e-mails with no limitation to subject matter or time period.). At minimum, there is no limitation tailoring the request pertaining to Powell to the allegations in the Amended Complaint. See Arndt v. Ford Motor Co., No. 2:15-CV-11108, 2016 WL 1161444, at *4 (E.D. Mich. Mar. 24, 2016) (quashing phone records request to Verizon Wireless for "all" phone numbers and text messages as overbroad and "not proportional to the needs of the case"; future subpoena could only seek text messages exchanged between Plaintiff and his supervisor for a limited time period).

20.    Additionally, to the extent Respondents are seeking phone or text records with Respondents Thomas Boone or Richard Torres (if any exist), such records can be obtained from Respondents themselves. There is no need to invade *nonparty* Powell's privacy. See Fed. R. Civ. Pro. 26(b)(2)(C) ("On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules ... if it determines that the discovery sought ... can be obtained from some other source that is more convenient, less burdensome, or less expensive...."); see also Sirpal, 2012 WL 2880565 at *6 (quashing subpoena for phone records because no "substantial need" for dismissed party's phone records where Sirpal's phone records were sufficient for remaining claims); HDSherer LLC v. Nat. Molecular Testing Corp., 292 F.R.D. 305, 308 (D.S.C. 2013) (quashing subpoena for documents from non-parties where same information was in Defendant's possession).

21.    Respondents may attempt to claim that due to Powell's phone being issued by the PGPD that he has no right to, or expectation of, privacy. However, while Powell may not have a right to privacy against the County, that does not mean he does not have a right to privacy as to

7

third parties.  For example, even though Prince George's County reserved the right to monitor

Powell's activity on his issued phone while employed, and even though information sent or

received on the phone is the property of the County, Powell maintains an expectation of privacy

that said information will not be disclosed by the County to third parties.

II.     **The Court Should Enter a Protective Order for the PGPD Phone and Text Records.**

        22.     This Court should also enter a protective order for Powell's phone and text

records, prohibiting Respondents from seeking them in the future.  There is good cause to protect

the phone and text records.  Phone records and text messages can reveal private information

about a person that have no connection to the Underlying Action.  Text messages, for example,

frequently contain deeply intimate conversations with family members, friends, and others.

Moreover, call records can be used to discover private, personal matters such as  health care

providers, political affiliations, businesses one visits, appointments made, places of worship, etc.

None of this information has any relevance to the Underlying Action, yet all of it would be

disclosed to Respondents if the Subpoena is not quashed and a protective order is not entered.

III.    **Verizon is Prohibited From Disclosing Electronic Communications Pursuant to the
        Stored Communications Act.**

        23.     Verizon, by offering phone, text messaging, email and internet services to the

public, and as one of the largest telecommunications companies in the world, certainly qualifies

as both an electronic communication service under SCA § 2702(a)(1), and a remote computing

service under § 2702(a)(2)(A) and (B).

        24.     Undoubtedly, Verizon would commit a criminal act if it were to disclose the text

messages requested by Respondents.  See In re Subpoena Duces Tecum to AOL, LLC, 550

F.Supp.2d 606, 611 (E.D. Va. 2008) ("Applying the clear and unambiguous language of § 2702 to

this case, AOL, a corporation that provides electronic communication services to the public, may not divulge the contents of the Rigsbys' electronic communications to State Farm because the statutory language of the Privacy Act does not include an exception for the disclosure of electronic communications pursuant to civil discovery subpoenas." ; "Because State Farm is a private party and this is a civil lawsuit, none of the exceptions for governmental entities under § 2703 apply. Furthermore...the Court holds that 'unauthorized private parties' and governmental entities are prohibited from using Rule 45 civil discovery subpoenas to circumvent the Privacy Act's protections.").

### Conclusion

WHEREFORE, for all of the foregoing reasons, Powell respectfully requests that the Court quash the Subpoena and prevent Verizon from disclosing the phone and text records targeted by the Subpoena at issue.

Undersigned counsel further submits this motion pursuant to Fed. R. Civ. P. 45(f) as, although counsel is not a member of the District of Columbia bar, he has been admitted to practice in federal courts in the State of Maryland, and the subject subpoena in the Underlying Action was filed in the United States District Court for the District of Maryland.  This motion has been filed in the United States District Court for the District of Columbia as, per the subpoena, the District of Columbia is the district where compliance is required.  See Fed. R. Civ. P. 45(d)(3).

Dated: June 10, 2019

Patrick J. McAndrew, Esq. [Bar No. 13434 (MD)]
Law Offices of Patrick J. McAndrew, LLC
6305 Ivy Lane, Suite 408
Greenbelt, MD 20770
Tele: (301) 220-3111
Fax: (301) 220-3843
pmcandrew@mzmlaw.net

Member of the bar of the State of Maryland and of
The District Court for the District of Maryland.

## CERTIFICATE OF NO DISCIPLINARY ACTION

I HEREBY CERTIFY that I have never been disciplined by any bar association of any State,

district, or other governing entity.

Patrick J. McAndrew, Esq.

10

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of June 2019, a copy of Melvin Powell's Motion

to Quash Subpoena, *or in the Alternative*, Motion for Protective Order for Phone and Text

Records was served via first class mail on:

Dennis A Corkery
Washington Lawyers Cmte for Civil Rights and Urban Affairs
11 Dupont Cir NW Ste. 400
Washington, DC 20036
Tel: (202) 319-1000
Fax: (202) 319-1010
dennis_corkery@washlaw.org

Deborah A Jeon
American Civil Liberties Union of Maryland Foundation
3600 Clipper Mill Rd Ste. 350
Baltimore, MD 21211
Tel: (410) 889-8555
Fax: (410) 366-7838
jeon@aclu-md.org

John Arak Freedman
Arnold & Porter Kaye Scholer LLP
601 Massachusetts Avenue NW
Washington, DC 20001
Tel: (202) 942-5316
Fax: (202) 942-5999
John.Freedman@arnoldporter.com

Patrick J. McAndrew, Esq.

11